**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PENDA E. BYRD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No.  04-1420 |
| | : | (ESH) |
| ADMIRAL MOVING AND STORAGE, | : | |
| INC., *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Penda Byrd, proceeding *pro se*, has filed a complaint for breach of contract and

negligence against defendants arising out of a contract to move and store her personal

belongings.  Defendant Moving Cost, Inc. now moves to dismiss this suit pursuant to Fed. R.

Civ. P. 12(b)(3) and 12(b)(6), or, in the alternative, to transfer this suit to the Southern District of

Florida pursuant to 28 U.S.C. § 1404.

The Court construes this *pro se* plaintiff's filings liberally.  *See Richardson v. United

States*, 193 F.3d 545, 548 (D.C. Cir. 1999).  Moreover, the Court takes as true the complaint's

factual allegations and accords plaintiff the benefit of all inferences that can reasonably be drawn

from those allegations.  *Kaempe v. Myers*, 367 F.3d 958, 963 (D.C. Cir. 2004).

Defendant contends that plaintiff's complaint should be dismissed pursuant to Fed. R.

Civ. P. 12(b)(6) because the statute of limitations for this suit has lapsed.  (Def.'s Mot. at 3.)

Plaintiff's complaint was filed on August 20, 2004, and the contract was signed on July 26, 2001.

Defendant states that its last action under the contract was its arranging for Admiral Moving, Inc.

to transport and store plaintiff's goods on or about August 6, 2001, and that it has had no contact

with plaintiff nor did it have any unfulfilled obligations after that time.  (*Id.*)  By defendant's

reckoning, plaintiff's suit was filed a month too late, because District of Columbia law

establishes a three-year statute of limitations for negligence claims and for contract actions not

governed by the Uniform Commercial Code.  *See* D.C. Code § 12-301(7)-(8).

Plaintiff's suit is timely for two reasons.  First, plaintiff's contention is correct:  because

the contract, by its explicit terms, provided for forty-four days of additional storage, it was in

effect at least until September 7, 2001, and her breach of contract suit was filed within three

years thereof.  (*See* Pl.'s Opp. at 3.)

Second, both her negligence and her breach of contract claims are timely because the

statute of limitations for each did not begin to run until the negligent act caused plaintiff to suffer

an injury, *see Weisberg v. Williams, Connolly & Califano*, 390 A.2d 992, 995 (D.C. 1978), or

until the breach of contract occurred.  *See Fowler v. A & A Co.*, 262 A.2d 344, 347 (D.C. 1970).

For present purposes, reading the complaint in the light most favorable to plaintiff, defendant and

Ms. Byrd remained in a contractual relationship throughout the pendency of the storage of her

goods -- as foreseen by the contract between Moving Cost and plaintiff -- by defendant's

delegatees -- Admiral Moving and Storage, Inc., American National Movers, Inc., and Self

Storage Plus.  *See Bashir v. Moayedi*, 627 A.2d 997, 999-1000 & n.6 (D.C. 1993) ("The rule for

delegation of the performance of a contractual obligation is that the obligor may delegate a

contractual duty without the obligee's consent unless the duty is 'personal.'  The rule for

delegation of responsibility is that if the obligor delegates the performance of an obligation, the

obligor is not relieved of responsibility for fulfilling that obligation or of liability in the event of a

2

breach." (citation omitted)).  The contract was breached in the spring of 2003, when defendant's

delegatee moving companies ceased paying the storage facility, and plaintiff's negligence claim

matured at least by September 2003, when she suffered injury through the auctioning of her

goods as a result of defendant's negligent failure to ensure payment to the delegatee storage

facility.  (Compl. at 4)  Both these claims plainly fall within the District of Columbia's applicable

three-year statutes of limitations.

Defendant also objects that plaintiff has failed to properly set forth in her complaint the

elements of a common law negligence claim.  However, construing the complaint liberally in this

*pro se* plaintiff's favor, she has in fact alleged that Moving Cost owed her a duty of care by

contracting to move and store her goods, that it breached that duty by allowing her goods to be

sold without her authorization, and that she was injured by that sale, which was proximately

caused by defendant's breach.  (Compl. at 2-4).  *See Powell v. District of Columbia*, 634 A.2d

403, 406 (D.C. 1993).[1/]

Defendant further moves to dismiss, or in the alternative to transfer this suit to the

Southern District of Florida, because the contract between plaintiff and defendant establishes that

venue lies in Broward County, Florida for "any litigation arising hereunder or out of the

relationship between the shipper and the carrier."  (Def.'s Mot., Appendix B, at contract § 7.)  As

a threshold matter, dismissal for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) is

inappropriate here given that plaintiff is proceeding *pro se* and because any venue error may be

easily remedied by transferring the case "in the interests of justice" to the proper forum pursuant

---

[1/]Plaintiff argues that this Court should reject defendant's motion pursuant to LCvR
5.1(i), because it fails to include the initials of the judge assigned to the case.  The Court deems
this remedy too harsh, but reminds the parties to comply with the rules applicable to filings.

to 28 U.S.C. § 1404(a).  Absent a valid forum selection clause, venue would otherwise lie in the

District of Columbia, because a "substantial part of the events" at issue occurred here.  *See* 28

U.S.C. § 1391(a).  Plaintiff contracted to have her wares moved from her mother's home at 1372

Underwood Street Northwest in Washington, D.C. to a storage facility in the area, where they

were to be held until she provided an address and date for their return.  (*See* Compl. at 3.)

As for whether the contract's forum selection clause is enforceable, the Supreme Court

has held that such clauses are "prima facie valid" absent a showing that enforcement "would be

unreasonable and unjust, or that the clause was invalid for such reasons as fraud or

overreaching."  *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9-10, 15 (1972).  Factors to be

considered include "the convenience of a [Florida] forum given the parties' expressed preference

for that venue, and the fairness of transfer in light of the forum-selection clause and the parties'

relative bargaining power."  *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

The parties' expressed preference for a given forum is but one consideration, and is not

dispositive.  *Id.* at 31.  "The district court also must weigh in the balance the convenience of the

witnesses and those public-interest factors of systemic integrity and fairness that, in addition to

private concerns, come under the heading of 'the interests of justice.'"  *Id.* at 30.  Because a

forum selection clause is construed as a separate contract by which the parties agree to venue,

even if it is held to be unenforceable, the balance of the contract may stand.  *Marra v.*

*Papandreou*, 216 F.3d 1119, 1123-24 (D.C. Cir. 2000).

The presumption in favor of enforcing a forum selection clause may be overcome by a

"strong showing," *The Bremen*, 407 U.S. at 15, that (1) the clause's formation was tainted by

"fraud, undue influence, or overweening bargaining power," *id.* at 12-13, although the fact that

the clause was not the subject of free negotiation does not necessarily undermine its enforcement,

*see Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-94 (1991); (2) enforcement of the

clause would effectively deprive plaintiff of a remedy, or would deny her her day in court due to

unfairness of the selected forum or grave inconvenience, *The Bremen*, 407 U.S. at 15-18, such as

where the "dispute [is] an essentially local one inherently more suited to resolution in the

[District of Columbia] than in Florida," *Shute*, 499 U.S. at 594 (1991); or (3) "enforcement

would contravene a strong public policy of the forum in which suit is brought." *The Bremen*, 407

U.S. at 15.

Plaintiff contends that she is "the party who is suffering the greatest loss." (Pl.'s Opp. at

3.) She also argues that defendants are located throughout the country; plaintiff resides in the

District of Columbia and the defendants are in Florida, Colorado, and Maryland. (*Id.*) The Court

further notes that the events at issue in this suit are centered in the District of Columbia, that

plaintiff is proceeding *pro se* and has limited means (*see* Pl.'s Opp. at App. B), and that, as to the

boilerplate contract establishing venue in Florida, plaintiff was not a "sophisticated

businessperson negotiating at arm's length . . . . [E]ven if she had [noticed the forum selection

clause], [she might] not have understood what it meant." *Jelcich v. Warner Brothers, Inc.*, 1996

U.S. Dist. LEXIS 5709, at *4 (S.D.N.Y. Apr. 29, 1996). Because of the additional expense this

*pro se* plaintiff would have to incur if suit were transferred to Florida, to do so could effectively

deprive her of her day in court. *See id.* at *5-6. Moreover, there is presently before the Court no

evidence that plaintiff's relationship with the other named defendants is likewise governed by

Moving Cost's forum selection clause, and therefore, her suit against them would remain here.

*See First Interstate Credit Alliance, Inc. v. Alliance Leasing, Inc.*, 1990 U.S. Dist. LEXIS 5744,

at *12-13 (S.D.N.Y. May 15, 1990) (declining to enforce forum selection clause where it appeared likely that the same issues would be litigated in multiple fora).  It would "flout the theory of judicial economy" to transfer the action against Moving Cost to Florida.  *See id.* at *13.

In the alternative, it is arguable that defendant's forum selection clause is non-mandatory, and it therefore does not override plaintiff's selection of Washington, D.C. as the venue for this suit.  "[I]n cases in which forum selection clauses have been held to require litigation in a particular court, the language of the clauses clearly required *exclusive* jurisdiction."  *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987).  In *Hunt*, the court construed a forum selection clause to be "permissive rather than mandatory," *id.*, where it stated that "The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of this contract." *Id.* at 76.  The court held that, "Although the word 'shall' is a mandatory term, here it mandates nothing more than that the Orange County courts have jurisdiction.  Thus, Supreme cannot object to litigation in the Orange County Superior Court on the ground that the court lacks personal jurisdiction. Such consent to jurisdiction, however, does not mean that the same subject matter cannot be litigated in any other court." *Id.* at 77.  *See also Koresko v. Realnetworks, Inc.*, 291 F. Supp. 2d 1157, 1160-63 (E.D. Cal. 2003).

Similarly, in the instant suit, the forum selection clause reads:  "Notice:  In the event of any litigation arising hereunder or out of the relationship between the shipper and the carrier, the parties specifically agree that venue shall lie in Broward County, Florida."  (Def.'s Mot., Appendix B, at contract § 7.)  Just because the contract establishes that venue lies in Florida does not mean that it cannot also lie elsewhere, as is the case here.  *See* 28 U.S.C. § 1391(a); *McCuin*

*v. Texas Power & Light Co.*, 714 F.2d 1255, 1261 (5th Cir. 1983) ("Not only may a litigant frequently select among several jurisdictions, he may, within a jurisdiction, lay venue in more than one court."). As in *Hunt*, the clause is permissive rather than mandatory; it does not state that venue "shall ONLY lie" in Broward County, Florida. Thus, although this suit could have been brought in Florida, it may also be brought anywhere else where venue lies. Because venue exists in this jurisdiction, plaintiff's suit may proceed in this Court.

In sum, defendant has supplied no valid reason for overriding plaintiff's choice of forum, which, of course, is entitled to deference. *See Schmidt v. American Institute of Physics*, 322 F.Supp.2d 28, 33 (D.D.C. 2004). The interests of justice dictate that this suit remain here, and therefore, defendant's motion to dismiss, or in the alternative, to transfer this suit to Florida, is **DENIED**.

It is **FURTHER ORDERED** that default judgment is entered against defendant Michael Bonora, who was served on November 5, 2004, and who failed to answer the complaint within twenty days.

It is **FURTHER ORDERED** that, plaintiff having shown good faith efforts to effect service of process on Admiral Moving and Storage, Inc., American National Movers, Inc., and their registered agents, is granted an additional sixty days to effectuate service as to all remaining named defendants.

It is **FURTHER ORDERED** that an initial scheduling conference is set for March 11, 2005 at 10:00 a.m.

**SO ORDERED.**

_____s/_____

ELLEN SEGAL HUVELLE
United States District Judge

DATE:    January 12, 2005