UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Penda Elise Byrd** ) | |
| **and Eve Moon Dickey,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| v. ) | **Civil Action No. 04-1420 (AK)** |
| ) | |
| **Admiral Moving & Storage, Inc.,** ) | |
| **American National Movers, Inc.,** ) | |
| **Michael Stephen Bonora, and** ) | |
| **Moving Cost, Inc.,** ) | |
| ) | |
| **Defendants.** ) | |

### PLAINTIFFS' MOTION IN LIMINE TO
### PRECLUDE DEFENDANT FROM ARGUING THAT IT IS A CARRIER

Plaintiffs, by counsel, move for entry of an order precluding Defendant Moving Cost from introducing evidence that it is a motor carrier or arguing that it is a motor carrier under the Carmack Amendment. In support of this motion, Plaintiffs offer the following Memorandum of Points and Authorities in support thereof:

### INTRODUCTION

Defendant Moving Cost moved for partial summary judgment on several grounds, including that the Carmack Amendment of the Interstate Commerce Act, 49 U.S.C. §14706 (2005), preempts Plaintiffs' statutory and common law claims. The Court denied this aspect of the motion, finding:

> even if this Court were to entertain an argument by Moving Cost that it was a carrier, whether a party is a carrier or broker is a factual question that depends on the nature of services provided by a party. *See Hewlett-Packard Co. v. Brother's Trucking Enters., Inc.*, 373 F. Supp.2d 1349, 1352 (S.D. Fla. 2005). This type of factual inquiry would need to be considered by the jury.

Memorandum Order, March 30, 2006, at 10.  Because Defendant has consistently asserted that it is a moving broker and there are no facts upon which to support a conclusion that Moving Cost could be considered a carrier with respect to the move at issue in this case, Plaintiffs request an order precluding Moving Cost from arguing to the jury that it was a carrier.

### **Moving Cost Cannot Take the Position At Trial That it is a Carrier**

Defendant Moving Cost has repeatedly asserted throughout this action that it is a broker. "The term 'broker' means a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." 49 U.S.C. § 13102(2).  It is undisputed that Moving Cost is not licensed as a carrier and does not act as a carrier.  Moving Cost does not own or lease any moving equipment or trucks, and relies exclusively on other carriers to service its customers.  Deposition of Aldo DiSorbo ("DiSorbo Dep.") at 33, 57 (relevant excerpts attached hereto as Exhibit 1).  Because the facts adduced during discovery do not contradict Moving Cost's continued insistence that it is a only a moving broker and not a carrier, the Court should preclude Moving Cost from arguing to the jury that it was acting as a carrier with respect to Plaintiffs' move.

In *Hewlett-Packard*, the court refused to find that the defendant who had arranged the transportation of plaintiff's goods was a broker because there was evidence that the defendant had exerted "some measure of control over these drivers." 373 F. Supp.2d at 1352.  Here, the owner of Moving Cost testified that "once Moving Cost dispatched a move, we really don't have anything to do with it."  DiSorbo Dep., at 33.  Not only did Moving Cost not exercise any control over the driver of the truck that moved Plaintiffs' household goods, it did not even know the

name of the driver. *Id.* at 74. In fact, Admiral Moving & Storage gave the job to an independent hauler who often worked for Admiral on the east coast. Deposition of Michael Bonora, at 30 (relevant excerpts attached hereto as Exhibit 2). At no time did anyone from Moving Cost have control of Plaintiffs' property. Nor did Moving Cost prepare bills of lading – that was exclusively the responsibility of the carrier. DiSorbo Dep. at 33.

In light of Moving Cost's answer and sworn testimony that it is a broker, and the lack of any evidence to the contrary, Moving Cost should not be allowed to argue at this late date that it was acting as a carrier when it gave Plaintiffs' move to Admiral Moving & Storage.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs request that defendant Moving Cost be precluded from arguing to the jury that it was a carrier with respect to Plaintiffs' move.

Respectfully Submitted,

April 6, 2006

  /s/ Michael J. Zoeller
Michael J. Zoeller, Esq.
DC Bar No. 426476
Sarah L. Knapp, Esq.
DC Bar No. 470008
Baach Robinson & Lewis PLLC
1201 F Street, NW, Suite 500
Washington, DC 20004
(202) 833-8900
Fax: (202) 466-5738
*Counsel for Plaintiffs*